```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 15-60561-Civ-GAYLES
                              MAGISTRATE JUDGE P. A. WHITE
```

LEON J. NOEL,

    Plaintiff,

vs.                                                **REPORT**
                                                 **OF MAGISTRATE JUDGE**

MARIE WOLF, et al.,

    Defendants.
_____/

## I. Introduction

The plaintiff, Leon J. Noel, while confined at Broward County Jail, has filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983. (DE#1). Noel is currently a defendant in ongoing criminal proceedings in Broward County concerning charges for burglary with assault/battery, aggravated battery and aggravated stalking.[1]

He has filed a motion to proceed *in forma pauperis* which has been granted and a debt established by separate order. (DE#4). Because plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. <u>See</u> 28 U.S.C. §1915A; <u>Thompson v. Hicks</u>, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(*per curiam*).

---

[1] The Court verified that Noel is being held in custody for the charges described herein, and is currently awaiting trial, by consulting on this day with the website for the Broward County Sheriff's Office, located at https://www.sheriff.org and with the website for the Broward County Clerk of Court, located at www.clerk-17th-flcourts.org.

Moreover, pleadings drafted by pro se litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), but the Court may review plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915A.

This Cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding *in forma pauperis*.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings *in Forma Pauperis*
>
> \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
>
> \* \* \*
>
> (I)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a

>             defendant who is immune from such
>             relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Fed.R.Civ.P. 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)").

In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979)(quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[2]

The plaintiff names the following three defendants:

(1) Judge Laura M. Watson; (2) Marie Wolf, Assistant State Attorney; and (3) Barbara Mitchell, Assistant State Attorney.

The plaintiff alleges in a bare bones complaint that Assistant State Attorneys, Marie Wolf and Barbara Mitchell, filed criminal charges for an "assumed violation of injunction." (DE#1:2). Furthermore, plaintiff asserts that Judge Watson denied plaintiff's request to be present at the hearing on the injunction where his

---

[2] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

4

wife was the petitioner. (Id.).

Plaintiff seems to allege that after his wife obtained an injunction of protection against him, he lost his home, job, and car. Therefore, he seeks compensatory damages.

### III. Discussion

*A. Assistant State Attorneys*

Plaintiff's claims for damages for any acts that Assistant State Attorneys Marie Wolf and Barbara Mitchell committed are subject to dismissal, because the state prosecutor and her assistants are absolutely immune from a §1983 suit for damages. Imbler v. Pachtman, 424 U.S. 409 (1976). A prosecutor is absolutely immune from suit for all actions that he or she takes while performing his or her function as an advocate for the state or government. Rehberg v. Paulk, 611 F.3d 828, 837–38 (11th Cir. 2010), affirmed by Rehberg v. Paulk, __ U.S. ___, 132 S.Ct. 1497, 182 L.Ed.2d 593 (2012).

*B. Judge Laura M. Watson*

Judges are absolutely immune in a §1983 suit for damages for judicial acts done within the jurisdiction of the Court. Section 1983 was not intended to abolish the doctrine of judicial immunity except in certain circumstances not applicable here (such as suits involving judges' administrative, legislative, or executive functions). Forrester v. White, 484 U.S. 219 (1988); Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967); Wahl v. McIver, 773 F.2d 1169 (11th Cir. 1985).

Unless a judge has acted in clear absence of all jurisdiction, his or her acts are protected by judicial immunity no matter how injurious they may be to the plaintiff, even when such acts are alleged to be malicious, in excess of jurisdiction or authority, procedurally or otherwise erroneous, or corrupt or done pursuant to bribe or conspiracy. <u>Forrester</u>, <u>supra</u>; <u>Cleavinger v. Saxner</u>, 474 U.S. 193 (1985); <u>Pierson</u>, <u>supra</u>.

The plaintiff has not alleged any facts that demonstrate that Judge Watson acted in the absence of jurisdiction.

## IV.   <u>Conclusion</u>

Based upon all of the foregoing, it is recommended that the complaint (DE#1) be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted and that the case be closed.

Dismissal with leave to amend would not be appropriate here because an amendment would be futile in that any amended complaint on the basis of the allegations now presented and attempted claims would still be properly dismissed. <u>See</u> <u>Judd v. Sec'y of Fla.</u>, 2011 WL 2784422, *2 (M.D.Fla. June 3, 2011)(recommending that Plaintiff not be permitted to file an amended complaint in light of the Eleventh Circuit's decision in <u>Johnson</u> in that any amended complaint would be frivolous). <u>See generally</u> <u>Spaulding v. Poitier</u>, 548 Fed.Appx. 587, 594 (11th Cir. 2013)(holding that magistrate judge did not abuse his discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile)(<u>citing</u>, <u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1310 (11th Cir. 2007).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 27th day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Leon J. Noel, Pro Se
   Inmate#501305080
   Broward County Jail-MJ
   Main Jail
   Inmate Mail/Parcels
   Post Office Box 9356
   Ft. Lauderdale, FL 33310