UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-60561-CIV-GAYLES/TURNOFF

LEON J. NOEL,

    Plaintiff,

vs.

MARIE WOLF, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on the Report of Magistrate Judge ("Report") [ECF No. 8]. On March 17, 2015, Plaintiff Leon J. Noel ("Noel") filed a Complaint under the Civil Rights Act, 42 U.S.C. § 1983, against Defendants Assistant State Attorney Marie Wolf ("Wolf"), Assistant State Attorney Barbara Mitchell ("Mitchell"), and Circuit Judge Laura M. Watson ("Judge Watson") [ECF No. 1]. The case was referred to Magistrate Judge Patrick A. White pursuant to Administrative Order 2003-19 for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. [ECF No. 3].

In his Complaint, Noel alleges that Wolf and Mitchell filed criminal charges against him for an "assumed" violation of a domestic violence injunction. In addition, Noel asserts that Judge Watson denied his request to attend the injunction hearing and, as a result, he lost his home, job, and car. Noel is currently in custody in Broward County, Florida, awaiting trial on charges for burglary with assault/battery, aggravated battery, and aggravated stalking. *See* Report at 1 n. 1.

After a preliminary screening of the action pursuant to 28 U.S.C. §1915, Judge White issued the Report recommending that the Court dismiss the Complaint for failure to state a cause of action. Specifically, Judge White found that Assistant State Attorneys Wolf and Mitchell, as prosecutors, are immune from a §1983 suit for damages and that Judge Watson is immune from a §1983 suit under the doctrine of judicial immunity. *See Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity); *Forrester v. White,* 484 U.S. 219 (1988) (judicial immunity). Plaintiff has not filed timely objections to the report.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the Report, the record, and the applicable law and finds that no clear error appears on the face of the record. In the light of that review, the Court agrees with the Judge White's analysis and recommendation that Noel's case be dismissed. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 8]** is **AFFIRMED AND ADOPTED** as follows:

1. Plaintiff Leon J. Noel's Complaint **[ECF No. 1]** is **DISMISSED**.

2. The Clerk of the Court is directed to **CLOSE** this case, and all pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of May, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE